Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

ATTORNEYS FOR APPELLANT:

**MATTHEW J. MCGOVERN**
Anderson, Indiana

**BART M. BETTEAU**
Betteau Law Office
New Albany, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MONIKA PREKOPA TALBOT**
Deputy Attorney General
Indianapolis, Indiana

FILED

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

JAMES E. SIZEMORE,                )
                                  )
    Appellant-Defendant,           )
                                  )
        vs.                   )     No. 31A05-1212-CR-626
                                  )
STATE OF INDIANA,                 )
                                  )
    Appellee-Plaintiff.            )

APPEAL FROM THE HARRISON SUPERIOR COURT
The Honorable Roger D. Davis, Judge
Cause No. 31D01-1205-FA-336

**August 13, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

James E. Sizemore was convicted as charged for dealing in methamphetamine, possession of methamphetamine, and possession of a controlled substance. Sizemore now appeals, claiming that the trial court abused its discretion by admitting prejudicial evidence linking him to the drugs in violation of Indiana Evidence Rule 404(b). We affirm.

**Facts and Procedural History**

During February 2012, Kenneth Doner lived with Sherry Bolen and their sixteen-year-old son. Doner was a methamphetamine addict and cooked meth. Both Doner and Bolen had a history of large pseudoephedrine purchases. That same month, the Indiana State Police and other agencies conducted a joint anti-meth operation in southern Indiana. The operation resulted in officers descending on Doner's residence on February 27, 2012. During this time, Sizemore arrived at Doner's residence on a motorcycle with Kelly Diane Wininger-Grimes. Both Sizemore and Grimes were friends with Doner.

Sizemore and Grimes were eating fast food out of a Styrofoam carry-out box that had been in a plastic bag. Officers asked them to remain at the scene and produce identification, which they did. After Sizemore and Grimes finished eating their burgers and fries and were permitted to leave, Sizemore asked Doner's son to throw away the plastic bag with the foam box in it, and Grimes handed the bag to him. The bag was tied, and Doner's son did not look in it before throwing it into a burn pit on Doner's property. Sizemore and Grimes then rode away.

Police arrested Doner and obtained a search warrant for his property, pursuant to which they discovered pills, marijuana pipes and paraphernalia, meth cooking supplies, and several other items. They also found the plastic bag that Sizemore had asked Doner's son to throw away. Inside the bag was a Styrofoam box with a still-warm hamburger, an orange container with two bags of meth, weighing 0.4 grams and 3.81 grams respectively, and a bag of hydrocodone pills. Doner was charged with a class B felony, two class D felonies, and two class A misdemeanors. He agreed to plead guilty to the class D felonies and the misdemeanors and to testify against Sizemore, in exchange for which the State agreed to dismiss the class B felony charge and grant him use immunity for his testimony.

The State charged Sizemore with Count I, class A felony dealing in methamphetamine; Count II, class C felony possession of methamphetamine; and Count III, class D felony possession of a controlled substance. At trial, Sizemore asked the trial court to exclude evidence that there was an arrangement between him and Doner to exchange pseudoephedrine pills for meth. The trial court denied the motion and allowed Doner to testify that he had previously sold pseudoephedrine pills to Sizemore in exchange for money and meth and that they had been friends for ten years. He also testified that he had attempted to contact Sizemore a few days prior to February 27, 2012 without success, but nevertheless expected Sizemore to stop by on or around February 27 so they could exchange drugs.

Sizemore also testified and denied that he traveled to Doner's residence to obtain pseudoephedrine pills. Sizemore stated that on February 27, he and Grimes went for a

3

ride on his motorcycle to get car repair supplies and then decided to stop for food en route. On the way back, Sizemore and Grimes were having trouble balancing the auto parts and the bags of food and decided to stop and eat at Doner's residence because it was nearby. Sizemore testified that he never saw the orange container, denied bringing meth or hydrocodone pills to Doner's residence, and further denied that he expected to exchange pseudoephedrine pills for money.

The jury found Sizemore guilty as charged. Sizemore now appeals. We will state additional facts when necessary.

## Discussion and Decision

Sizemore contends that the trial court erred in admitting Doner's testimony regarding the drug exchange arrangement between him and Sizemore. The admission of evidence is within the discretion of the trial court. *Adkins v. State*, 703 N.E.2d 182, 186 (Ind. Ct. App. 1998). We will reverse a trial court's decision only when the court's action is clearly against the logic and effect of the facts and circumstances before the court. *Id*. In reviewing the admissibility of evidence, we consider only the evidence in favor of the trial court's ruling and any unrefuted evidence in the defendant's favor. *Hyppolite v. State*, 774 N.E.2d 584, 592 (Ind. Ct. App. 2002), *trans. denied* (2003).

Sizemore contends that Doner's testimony was inadmissible pursuant to Indiana Evidence Rule 404(b), which reads in pertinent part as follows:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a

4

> criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pre-trial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

This rule is "designed to prevent the jury from assessing a defendant's present guilt on the basis of his past propensities, the so-called 'forbidden inference.'" *Hicks v. State*, 690 N.E.2d 215, 218-19 (Ind. 1997). To assess the admissibility of evidence under Evidence Rule 404(b), the trial court must: (1) determine whether the evidence of other crimes, wrongs, or acts is relevant to a matter at issue other than the defendant's propensity to commit the charged act; and (2) balance the probative value of the evidence against its prejudicial effect pursuant to Evidence Rule 403. *Id.* at 221. Evidence Rule 403 states, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." "To determine whether the trial court abused its discretion, we employ the same test." *Iqbal v. State*, 805 N.E.2d 405, 406 (Ind. Ct. App. 2004).

To convict Sizemore of Count I, dealing in methamphetamine, the State had to prove that he knowingly or intentionally, either alone or in concert with Grimes, delivered meth in an amount of three or more grams. Ind. Code § 35-48-4-1.1(b)(1); *see also* Appellant's App. at 5 (charging information). To convict him of Count II, possession of methamphetamine, the State had to prove that he knowingly or intentionally, either acting alone or in concert with Grimes, possessed meth without a prescription or practitioner's order in an amount of three or more grams. Ind. Code § 35-48-4-6.1(b)(1)(A); *see also* Appellant's App. at 6 (charging information). To convict

5

Sizemore of Count III, possession of a controlled substance, the State had to prove that he, either acting alone or in concert with Grimes, possessed hydrocodone acetaminophen without a valid prescription or practitioner's order. Ind. Code § 35-48-4-14.5(a)(8); *see also* Appellant's App. at 7 (charging information).

Doner's testimony regarding his prior drug transactions with Sizemore was relevant to a matter at issue other than Sizemore's propensity to commit the charged acts, in that it connected Sizemore to the drugs found in the discarded plastic bag and helped to establish his motive for possessing the drugs, his intent to possess them, his plan for delivering them to Doner, and his knowledge of their presence in the bag. We agree with the State that Doner's testimony was highly probative, because without it the State "would only have been able to show that [Sizemore] had companionship with the individual who [gave Doner's son] the container that held the drugs and that the drugs had been in [Sizemore's] proximity prior to their disposal in the fire pit." Appellee's Br. at 8.[1]

Sizemore argues that the evidence had a prejudicial impact on the jury. However, we note that "all evidence that is relevant to a criminal prosecution is inherently prejudicial, and thus the Evidence Rule 403 inquiry boils down to a balance of the probative value of the proffered evidence against the likely unfair prejudicial impact of that evidence." *Duvall v. State*, 978 N.E.2d 417, 428 (Ind. Ct. App. 2012), *trans. denied*

---

[1] Sizemore claims that the State failed to establish a link between Doner's testimony regarding their prior drug transactions and the underlying crimes, noting that Doner "plainly stated that he could not get ahold of Sizemore to arrange such a deal, and he did not know if [Bolen] ever arranged such a deal." Appellant's Br. at 12. Sizemore neglects to mention Doner's testimony that he "left messages" for Sizemore prior to February 27 and that he expected Sizemore to "show up" on or about that date. Tr. at 178, 168.

(2013). The trial court was well within its discretion in concluding that the probative value of Doner's testimony was not substantially outweighed by the danger of unfair prejudice. Therefore, we affirm.

Affirmed.

BARNES, J., and PYLE, J., concur.